**Electronically Filed
Intermediate Court of Appeals
29201
09-FEB-2011
10:11 AM**

NO. 29201

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROXANNE RIVERO, Claimant-Appellee, v.
RICHARD SCHIAVI, Respondent-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 07-1-0080)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Respondent-Appellant Richard Schiavi (**Schiavi**) appeals from the May 13, 2008 orders of the Circuit Court of the First Circuit that (1) granted Claimant-Appellee Roxanne Rivero's (**Rivero**) motion to confirm final award of arbitrator, and (2) denied Schiavi's motion to confirm in part and to vacate and/or correct in part the final award of arbitrator, dated February 27, 2008.[1] Absent the entry of a separate final judgment, this court does not have appellate jurisdiction over an order denying a motion to vacate and/or an order denying a motion to correct an arbitration award. See Hawaii Revised Statutes (**HRS**) §§ 641-1(a) (1993 & Supp. 2007) & 658A-28 (Supp. 2007); Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994). However, it appears that disposition of the issues raised by Schiavi with respect to the order confirming the arbitration

---

[1] The Honorable Karen S.S. Ahn presided.

award will, in effect, address Schiavi's arguments for vacating and/or correcting in part the arbitration award.

Appearing *pro se* on appeal, Schiavi's brief fails to include a concise statement of points of error, fails to state where in the record the alleged errors occurred and were objected to, fails to provide any record references supporting his factual assertions, and otherwise fails to comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b). Nevertheless, as the policy of the Hawai'i appellate courts is to permit litigants to appeal and to have their cases heard on the merits, to the extent possible, we have carefully reviewed and considered Schiavi's arguments. See O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994).

Schiavi appears to contend that the Circuit Court erred in confirming in its entirety (and failing to partially vacate) the arbitration award on the following grounds: (1) evident partiality and corruption; (2) insufficient notice; (3) mathematical error; (4) contravention of public policy and manifest disregard of law; and (5) violation of the arbitrator's scope of powers.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Schiavi's contentions as follows:

(1) It appears that Schiavi did not raise the issue of evident partiality either before or during the arbitration, or in the proceedings before the Circuit Court. Schiavi's failure to raise the issue of the arbitrator's alleged evident partiality prior to or during the arbitration proceeding constituted a waiver of the issue for the purpose of challenging the confirmation of the arbitrator's award on these grounds. Daiichi Haw. Real Estate Corp. v. Lichter, 103 Hawai'i 325, 345-46, 82 P.3d 411, 431-32 (2003). Indeed, evident partiality does not

2

arise from an arbitrator's failure to accord weight or credibility to one party's evidence over that of another, as is argued here by Schiavi. Schiavi's allegations regarding certain mutual acquaintances or known associates of the arbitrator are not supported by the record in this case. See HRS § 641-2 ("Every appeal shall be taken on the record."). Similarly, Schiavi has not properly raised or supported his assertion of corruption.

(2) Schiavi argues that Rivero failed to provide sufficient notice upon initiating the arbitration proceeding. HRS § 658A-9 (2001) requires such notice to describe the "nature of the controversy and the remedy sought." However, an objection based on insufficient notice is waived unless raised before arbitration commences. Id. Based on the record before us, we conclude that Schiavi raised no such objections. To the contrary, Schiavi successfully objected to several of Rivero's claims on arbitrability grounds. The Circuit Court thereafter ordered arbitration on the remaining claims. These events negate Schiavi's argument that the notice insufficiently described the nature of the controversy and remedies sought. This argument is without merit.

(3) HRS § 658A-24(a)(1) (2001) allows courts to correct or modify arbitration awards due to "an evident mathematical miscalculation." Schiavi argues that the arbitrator erred in applying a 2% per annum fair market value determination under paragraph 9.3(a) of the agreement between the parties. He maintains that the clause at issue was intended to set a *minimum* fair market value. In so arguing, Schiavi raises an issue of contractual interpretation. Section 658A-24(a)(1) concerns errors in mathematical calculations, not in contract interpretation. Schiavi also contends that the arbitrator made a "mathematical mistake" in construing the definition of "tenant" under the agreement. Despite his creative attempt to frame this

argument in mathematical terms, it remains an issue of contract interpretation vested in the arbitrator.

(4)   In addition to statutory grounds, the Hawai'i courts have adopted a narrow ground for setting aside arbitration awards that violate public policy.  Inlandboatmen's Union v. Sause Bros., Inc., 77 Hawai'i 187, 193-94, 881 P.2d 1255, 1261-62 (App. 1994).  The test is whether "(1) the award would violate some explicit public policy that is well defined and dominant, and that is ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests, and (2) the violation of the public policy is clearly shown."  Id. at 193-94, 881 P.2d at 1261-62 (internal quotation marks, brackets, and ellipses omitted; punctuation altered) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 43 (1987)).  Schiavi contends that the award violates the public policy against forfeitures of interests in real property.[2/]  However, the cases on which he relies evince general principles of equity, not a well-defined, dominant, and explicit public policy.  See Jenkins v. Wise, 58 Haw. 592, 596-97, 574 P.2d 1337, 1341 (1978); Food Pantry Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 614, 575 P.2d 869, 876 (1978).  The public policy exception is not a vehicle to set aside arbitration awards for factual or legal error.  Inlandboatmen's Union, 77 Hawai'i at 196, 881 P.2d at 1264.  Schiavi's argument would require us to examine the arbitrator's reasoning and determine whether the alleged forfeiture was appropriate under equitable principles. The exception does not permit such an inquiry into the reasoning of the arbitrator.

Schiavi similarly asserts an argument that the award evinces "manifest disregard" of the law.  On the record before

_____

[2/]   Schiavi loosely asserts this argument under the "manifest disregard for the law" framework.  In the court below, he expressly advocated the public policy exception.

us, we cannot conclude that the arbitrator disregarded principles of equity by giving effect to the forfeiture provision in the parties' agreement. Schiavi also argues that the arbitrator disregarded the law by "ignoring" evidence regarding the alleged tenancy and joint account. He further maintains that the arbitrator applied the wrong meaning of the term "tenant." These are factual and legal determinations that are not subject to our review. Schiavi has failed to demonstrate that the arbitrator obviously disregarded, rather than misinterpreted, applicable law. See Tatibouet v. Ellsworth, 99 Hawaiʻi 226, 234, 54 P.3d 397, 405 (2002).

(5) Schiavi argues that the arbitrator ignored the express terms of the agreement by failing to find Rivero in default as a result of her underpayment. As discussed above, appellate review of arbitration awards is significantly limited by statute. Under HRS § 658A-23(a)(4), courts may vacate an award if the arbitrator exceeded his or her powers. This provision applies, however, only where the arbitrator "manifestly exceed[ed] the agreement between the parties." Tatibouet, 99 Hawaiʻi at 234, 54 P.3d at 405. Because the arbitrator's authority is rooted in the parties' agreement, an award is valid so long as it "draws its essence from the arbitration agreement." Id. at 235, 54 P.3d at 406 (internal quotation marks and citation omitted). Although Schiavi makes a cogent – perhaps compelling – argument that the arbitrator failed to correctly interpret and apply the terms of the parties' agreement, the award here does not concern a non-arbitrable matter. We may not vacate an award for errors of law or erroneous interpretations of the contract. Tatibouet, 99 Hawaiʻi at 233, 54 P.2d at 404.

For these reasons, the Circuit Court's May 13, 2008 order granting Rivero's motion to confirm final arbitration award is affirmed.

DATED: Honolulu, Hawaiʻi, February 9, 2011.

On the briefs:

Richard Schiavi
Pro Se Respondent-Appellant

David J. Gierlach
Robin Melchor
for Claimant-Appellee

Chief Judge

Associate Judge

Associate Judge